LESTER BREY *et al. vs.* JOSEPH ROSENFELD *d.b.a.* ROSENFELD WASHED SAND AND STONE COMPANY.

FEBRUARY 16, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a petition for *certiorari* to the superior court commanding that certain records relating to an order of continuance of the above-entitled case in that court be certified to this court in order that such record or so much thereof as may be illegal may be quashed. We issued the writ

and the superior court has duly complied by certifying all of its records in that case.

It appears from such records that, because of the absence of a material witness, who was in the United States Navy, a justice of the superior court continued this case, on motion of the defendant, to the May 1945 session of the superior court to be holden at Woonsocket. The motion was granted over the objection of the plaintiffs in such case, who pointed out that defendant had already been granted one continuance for the same reason; that he gave no assurance that such witness would ever be available at some reasonably definite time; and that, if the requested continuance was granted, plaintiffs would never know when they could obtain a trial. In other words, they contended that the effect of such continuances was tantamount to continuing the case indefinitely, notwithstanding that the justice who had previously continued it on motion of the defendant had indicated in his decision that a case could not be continued indefinitely until the war was over or until such a witness became available.

Notwithstanding this contention the justice overruled plaintiffs' objection and granted a further continuance to the next May session at Woonsocket observing as he did so: "Now, you couldn't continue a case indefinitely on the ground that eventually the war will be over. I do think it is fair, however, for any party to an action to seek a continuance for a year or so; I mean, when conditions are such that there is hope that testimony may be obtained within the year."

Plaintiffs, who are petitioners here, now contend that while it was within the discretion of the trial justice to grant such continuance it was an abuse of discretion for him to do so in the face of the prior continuance and in the absence of any showing by defendant that he had at least a reasonable hope of securing the attendance of the absent witness, or taking his deposition before the next May session of the superior court at Woonsocket. They argue further that such

alleged abuse of discretion is reviewable by *certiorari* because no other remedy for review is available.

In the circumstances here we think that petitioners are entitled to review by *certiorari*. While the granting of a motion for a continuance is technically interlocutory rather than final, nevertheless the effect of the granting of two such motions in the instant case is to raise *prima facie* a question of whether exceptional circumstances exist which call for the issuance of the writ in the interest of justice. For that reason and in order that we might inquire more fully into the action of the trial justice we issued the writ.

Transcripts of what was said at the hearing of the instant motion and the hearing of the next prior motion in the superior court having been, without objection, submitted by the petitioners in this court to supplement the record, we have had the opportunity to make a more extensive inquiry into the action of the trial justice and we have come to the conclusion that, on the whole record, as thus supplemented, the petitioners have not discharged the burden incumbent upon them of showing that the trial justice abused his discretion in granting the continuance to the next May session of the superior court at Woonsocket.

At the time of that decision their suit was pending less than a year in the superior court, the writ commencing the action having been returned to that court on February 29, 1944. We are unable to see from the record wherein such a brief delay in the trial of the case would cause any injustice to petitioners. Of course, they are entitled to a reasonably prompt trial. The granting of a further continuance, in the absence of some assurance by defendant of a reasonable expectation of producing such absent material witness at some definite time, might very well raise a serious question as to whether such action was a denial of petitioners' right to a prompt trial, and, therefore, a clear abuse of the superior court's discretion.

Apparently, on the hearing of the motion now under con-

sideration, defendant did not proceed under rule 6 of the rules of practice of the superior court in actions at law. While the parties may have felt that such rule was not applicable, we think that it was and that it should be observed in the event a further continuance for the same reason is requested. This rule is not affected by sec. 201 of the federal Soldiers' and Sailors' Civil Relief Act of 1940, because that act applies only to parties, and we are dealing here with a witness and not a party.

The writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the superior court with our decision indorsed thereon.

*Edward F. Dwyer*, for petitioners.

*Francis V. Reynolds, John P. Cooney, Jr.*, for respondent.